

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. I. Wright, Superintendent
Texas School for the Deaf
Austin, Texas

Dear Sir:

> Opinion No. O-3653
> Re: Necessity of advance state-
> ment from the Attorney Gen-
> eral that a proposed out-
> of-state trip by the super-
> intendent of an eleemosynary
> institution is State business
> directly connected with the
> institution.

We have your letter of June 7, 1941, as follows:

"There is to be held in Fulton, Missouri,
June 23-27, the Convention of the American In-
structors of the Deaf, and at the same time a
meeting of the Conference of the Executives of
the Schools for the Deaf of America, of which
this school is a member and which committee
meets every two years for the purpose of fix-
ing the standards and certification of teachers.
As head of this school I am a member of this
committee. It is my understanding that the
Board of Control has ruled that they cannot ap-
prove my request to attend this convention where-
by I will receive traveling expenses when applied
for until I have presented a statement from the
Attorney General that the proposed trip is State
business directly connected with this institu-
tion.

"The rider Traveling Expenses in the Elee-
mosynary Appropriation Bill—the law is very
plain and I would appreciate very much your
giving me the requested statement by return
mail, so that this matter may be cleared up."

Your inquiry is answered by our Opinion No. O-2220
addressed to Honorable Charles W. Castner, Chief Eleemosynary

Honorable W. R. Wright, Superintendent, Page 2

Division of the Board of Control, Austin, Texas, wherein we said: "You are therefore advised that by virtue of the provisions of the eleemosynary bill above quoted, ('Superintendents' trips shall be as authorized by the Board of Control.') it is not necessary that advance opinion of the Attorney General, that such a trip is on state's business, be obtained in respect to out-of-state trips by superintendents of the eleemosynary institutions of this state. On the contrary, this act contemplates that the Board of Control, rather than the Attorney General, shall give its advance written consent to the making of such an out-of-state trip." We further said: "It is, of course, not the intention of this opinion to express the view that the Board of Control may authorize trips by superintendents of eleemosynary institutions, except where those trips are on state's business. We hold merely that the advance written approval of this department to the making of such a trip is not required, but that the advance written consent of the State Board of Control is required."

We hand you herewith a copy of Opinion O-2280.

Trusting that this will be a satisfactory answer to your inquiry, we are

APPROVED JUN 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

OS:LM

ENCLOSURE

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer,
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN